UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| VS. | § | CRIMINAL NO: L-05-MJ-2954-02 |
| Jerome Sigisfredo ESCAMILLA | § § § | |

### ORDER OF DETENTION PENDING TRIAL

A detention hearing in accordance with 18 U.S.C. § 3142(f) was held in this case on December 19, 2005. Defendant is charged under Title 21, United States Code, Sections 952, 841(a)(1), and 846, with knowingly, willfully, and unlawfully importing from Mexico into the United States approximately 2.45 kilos of cocaine with a co-defendant carrying approximately 2.55 kilos of cocaine totaling approximately five (5) kilos of cocaine; knowingly and unlawfully possessing with the intent to distribute the above said cocaine; and conspiring to possess with the intent to distribute the above said cocaine. I find that the following facts are established by clear and convincing evidence and that they REQUIRE THE DETENTION of the Defendant, Jerome Sigisfredo Escamilla, pending trial in this case.

### FINDINGS OF FACT

The government proffered per the Pretrial Services Report that Defendant was born in Monterrey, Mexico. There was a discrepancy with the Defendant's status in the United States. The Immigration and Customs Enforcement Agency reported to Pretrial Services that Defendant is a permanent resident alien as of August 16, 1982. However, Defense Counsel proffered Defendant's passport, voter registration card, and concealed hand gun license in order to show that Defendant is

a naturalized citizen. In addition, the government proffered that Defendant has ties to Mexico as he was arrested crossing into the United States from Mexico.

Defense counsel proffered that Defendant has lived in Houston, Texas with his wife and two children for the past twenty years and has no prior criminal history.

## REASONS FOR DETENTION

The evidence adduced at the hearing establishes probable cause to believe the Defendant has violated a statute which provides for a maximum sentence of life imprisonment under the Controlled Substances Act (21 U.S.C. § 801 et. seq.). Since probable cause exists to believe that the Defendant committed these crimes, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community. The Defendant has failed to produce facts which will rebut this presumption in light of the findings above. The large amount of cocaine Defendant was found with when he was arrested leads the Court to believe that Defendant is a danger to the community and Defendant's ties with Mexico leads the Court to believe that Defendant is a flight risk.

## DIRECTIONS REGARDING DETENTION

The Defendant is committed to the custody of the United States Marshal for the Southern District of Texas, Laredo, Texas for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE at Laredo, Texas, this 23rd day of December, 2005.

_____
Adriana Arce-Flores
United States Magistrate Judge